IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| DENNIS MCCORMICK, | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | 7 : 05-CV-8 (HL) |
| OFFICER MILLER, | : | |
| Defendant. | : | |

**RECOMMENDATION**

Presently pending in this § 1983 action is the defendant's Motion for Summary Judgment. On July 11, 2005, the undersigned notified the plaintiff of the filing of the defendant's motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order. As of February 1, 2006, the plaintiff has not filed a response to either the defendant's motion or the court's order directing a response. The court notes that in his original complaint, the plaintiff indicated that his sentence would be complete in July 2005.

In his complaint, the plaintiff raises allegations of excessive force, alleging that on January 4, 2005, while he was confined at Valdosta State Prison, "Officer Miller hit me in the face when he opened the tray flap." The plaintiff alleges that Miller "hit me for no reason" and that he "busted my lip and had me bleeding . . . I asked for medical several times but medical was denied.."

*Standard of review*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); Van T. Junkins & Assoc. v. U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir. 1984).

As the party moving for summary judgment, the defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991).  Defendant Miller has supported his summary judgment motion with his affidavit, wherein he maintains that he "never closed a tray flap on Inmate Dennis McCormick's face."

"[A]nalysis of an Eighth Amendment excessive force claim is contextual and requires that many factors be considered: 'the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.'" Harris v. Chapman, 97 F.3d 499, 505 (11th Cir. 1996) (quoting Hudson v. McMillian, 503 U.S. 1, 5 (1992)).  "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.  In determining whether the constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and

whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Gilmere v. City of Atlanta, 774 F.2d 1495, 1500 (11th Cir. 1985) (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)).

Herein, the unrefuted affidavit testimony of defendant Miller establishes that he did not close the tray flap on the plaintiff's face, and further establishes that "[t]he tray flaps open out away from the cell. In order for the tray flap to make contact with an inmate's face, the inmate would have to hold his face in the tray opening and wait for the tray flap to make contact with his face." With no response from the plaintiff to rebut the defendant's summary judgment showing, and furthermore no evidence supporting the allegation of injury to the plaintiff resulting from the alleged use of excessive force, the court must conclude that the plaintiff has failed to establish an impermissible use of force by the defendant. He has failed to prove that "force was applied . . . maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986).

Accordingly, it is the recommendation of the undersigned that the defendant's Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 1st day of February, 2006.

    /s/ **Richard L. Hodge**
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb

3